RICHARD R. GRAY, Bar No. 071030
rgray@littler.com
DOUGLAS L. ROPEL, Bar No. 300486
dropel@littler.com
NICHOLAS W. MCKINNEY, Bar No. 322792
nmckinney@littler.com
LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, California 95814
Telephone: 916.830.7200
Fax No.:    916.561.0828

Attorneys for Defendant
SIEMENS MEDICAL SOLUTIONS USA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GRAHAM, <br><br> Plaintiff, <br><br> v. <br><br> SIEMENS MEDICAL SOLUTIONS USA, INC.; LAURA TIMMONS; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTIONS 1332, 1441, AND 1446** <br><br> [Sacramento County Superior Court Case No. 34-2021-00296472] |

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

1

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

# TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant SIEMENS MEDICAL SOLUTIONS USA, INC. ("Siemens Healthineers"), a Delaware corporation, hereby removes the above-captioned action from the Sacramento County Superior Court in the State of California to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

In support of the Notice of Removal of Civil Action, Defendant alleges the following:

## I.
## PROCESS, PLEADINGS, AND ORDERS

1. This lawsuit arises out of Plaintiff DAVID GRAHAM's (referred to hereinafter as "Plaintiff") employment with Siemens Healthineers.

2. On March 12, 2021, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Sacramento, entitled *DAVID GRAHAM, v. SIEMENS MEDICAL SOLUTIONS USA, INC.; LAURA TIMMONS; and DOES 1 through 50, inclusive,* designated as Case No. 34-2021-02296472-CU-OE-GDS (the "Complaint").

3. The Complaint purports to assert the following causes of action: (1) Disability Discrimination (Gov. Code §12940(a)); (2) Failure to Engage in the Interactive Process (Gov. Code § 12940(n)); (3) Failure to Accommodate (Gov. Code § 12940(m)); (4) FEHA Retaliation (Gov. Code § 12940(h)); (5) Failure to Prevent Discrimination and Retaliation (Gov. Code § 12940(k)); (6) Whistleblower Retaliation (Labor Code § 1102.5); and (7) Adverse Action in Violation of Public Policy.  Declaration of Douglas L. Ropel ("Ropel Decl.)" ¶ 2, Ex. A. Complaint ¶¶ 31-109.

4. On March 30, 2021, Siemens Healthineers' registered agent was served with a Summons and a copy of the Complaint.  At the same time, Siemens Healthineers' registered agent was served with copies of a Civil Case Cover Sheet and an Alternative Dispute Resolution Information Package.  Ropel Decl. ¶ 2, Ex. A.  This constitutes Siemens Healthineers' first legal notice of the Superior Court Action for purposes of removal.

5. The Complaint, Summons, Civil Case Cover Sheet, and Alternative Dispute Resolution Information Package constitute all of the pleadings and process that have been served upon

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

2

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

Siemens Healthineers or by Siemens Healthineers in this action to date.  No other documents have been served upon Siemens Healthineers.  Ropel Decl. ¶¶ 2-3, Exs. A-B.

6.    Siemens Healthineers is informed, believes, and on that basis alleges, that Defendant Laura Timmons (the "Individual Defendant" or "Timmons") was also served with a copy of the Summons, Complaint, Civil Case Cover Sheet, and Alternative Dispute Resolution Information Package on March 30, 2021.  Ropel Decl. ¶ 4.

7.    The Individual Defendant is not required to join this removal because joinder of nominal parties is not required.  All defendants must join in the removal petition with the exception of nominal parties.  *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).  Here, the Individual Defendant should be deemed a nominal party because, as discussed more fully below, she was fraudulently joined as "sham" defendant since no cause of action can be established against her. *See Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Retardation Servs.,* 925 F.2d 866, 871 (5th Cir. 1991) (holding that, to show that non-removing parties are nominal, the removing party must demonstrate that no cause of action can be established against the non-removing defendant).  For this reason, the Individual Defendant is not required to join in this removal.

8.    The Complaint also names as defendants "DOES 1-50, inclusive."  Defendants are informed and believe, and on that basis allege, that none of the fictitiously named defendants have been served with a copy of the Summons and Complaint.  Therefore, the fictitiously named defendants are not parties to this action and need not consent to removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. § 1441(a).

## II.
## JURISDICTION AND VENUE

9.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(1) and 1391(a) because a substantial part of the acts alleged in the Complaint are alleged to have occurred in this District.

10.    As discussed below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and Siemens Healthineers may remove this action to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

3

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## III.
## DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §1332(A)

**A.    Diversity of Citizenship**

**1.    Plaintiff is a Citizen of California**

11.    For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at time lawsuit is filed).

12.    Defendant is informed, believes, and therefore alleges, at all relevant times and through the date this action was commenced, Plaintiff has resided in the State of California. Declaration of Atlanta Guay ("Guay Decl.") ¶ 3. Therefore, Plaintiff was at all relevant times a citizen of California. Plaintiff's residence is *prima facie* evidence of domicile. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (holding that residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (holding that allegation in state court complaint of residency "create[s] a presumption of continuing residence in [state] and put[s] the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

**2.    Siemens Healthineers is Not a Citizen of California**

13.    For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where is has its principal place of business." 28 U.S.C. § 1332(c)(1).

14.    Defendant is incorporated in the State of Delaware. Siemens Healthineers therefore is a citizen of Delaware for diversity purposes. Guay Decl. ¶ 4.

15.    To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id*.

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

4

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

16.    The headquarters and corporate offices of Defendant are located in Malvern, Pennsylvania, which is where its officers and directors perform the company's executive and administrative functions. Guay Decl. ¶ 4.  Thus, Siemens Healthineers principal place of business is Pennsylvania, and it also is a citizen of Pennsylvania for diversity purposes.

17.    Based on the foregoing, Siemens Healthineers is not a citizen of California for diversity purposes.  *Brietman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) (using the "nerve center" test, corporation was citizen of state in which its corporate headquarters were located and where its executive and administrative functions were performed).

**3.    Citizenship of the Doe Defendants Should be Disregarded for Diversity Purposes**

18.    For purposes of removal, the citizenship of defendants sued under fictitious names should be disregarded, and citizenship of only named defendants should be considered.  28 U.S.C. § 1441(b)(1).

19.    Defendants Does 1-50 are fictitious.  The Complaint does not state the identity or status of these fictitious defendants, nor does it state any specific allegation of wrongdoing against any fictitious defendants.  Pursuant to § 1441(b)(1), the citizenship of these fictitious defendants cannot destroy the diversity of citizenship between the parties and should be disregarded.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

**4.    The Citizenship of the Individual Defendant Should be Disregarded for Diversity Purposes Because She Is a "Sham" Defendant**

20.    The Individual Defendant is not a proper party to this lawsuit.  Her citizenship therefore should be disregarded for purposes of diversity.  A non-diverse party named in the state court action may be disregarded where the party's joinder is a "sham" or "fraudulent" because the plaintiff has failed to state a valid cause of action against that party.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68 (9th Cir. 2001); *see also McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, joinder of the resident defendant is fraudulent.").

21.    In determining whether a defendant is "fraudulently" joined, courts may properly consider the allegations in the complaint as well as facts presented by the defendant in its

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

5

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

notice of removal. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Here, the allegations of the Complaint confirm that no cause of action has been asserted against the Individual Defendant.

22. Of Plaintiff's seven causes of action, his sole claim against the Individual Defendant is his sixth cause of action for Whistleblower Retaliation. Ropel Decl. ¶ 2, Ex. A Compl. ¶¶ 89-99. Plaintiff's Complaint fails to state a claim for Whistleblower Retaliation against Timmons.

23. In his Complaint, Plaintiff alleges that Siemens Healthineers and Timmons "violated Labor Code § 1102.5 when they retaliated against Plaintiff by taking adverse employment actions against Plaintiff, including but not limited to: termination of Plaintiff's employment, refusal to engage in an interactive process with Plaintiff to determine if a reasonable accommodation for his disability was possible, and failure to accommodate Plaintiff's disability." Ropel Decl. ¶ 2, Ex. A Compl. ¶ 95.

24. California Labor Code § 1102.5 precludes individual liability as it provides in relevant part: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." Cal. Lab. Code § 1102.5(b).

25. While the statute was amended, effective January 1, 2014 to include the addition of "or any person acting on behalf of the employer" instead of referring solely to "an employer" federal courts predicting how California appellate courts would decide the issue of individual liability have concluded that section 1102.5 does not impose individual liability. *See, e.g. Tillery v. Lollis*, No. 1:14-CV-02025-KJM, 2015 WL 4873111 at *10 (E.D. Cal. Aug. 13, 2015) (after extensive review of the legislative history and pertinent caselaw, dismissing individual supervisors

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

6

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

from the plaintiff's post-amendment section 1102.5 claim); *Toranto v. Jaffurs*, 297 F.Supp.3d 1073, 1105 (S.D. Cal. 2018) (granting motion to dismiss section 1102.5 claim brought against an individual defendant); *United States ex rel. Lupo v. Quality Assurance Servs., Inc.*, 242 F.Supp.3d 1020, 1030 (S.D. Cal. 2017) (dismissing individual defendants from section 1102.5 claim).

26.    This Court, too, has repeated followed Judge Mueller's extensive analysis in Tillery and explicitly ruled that "section 1102.5 does not impose individual liability." *See e.g. Bales v. County of El Dorado*, No. 2:18-cv-01714-JAM-DB, 2018 WL 4558235 at *3 (E.D. Cal. Sept. 20, 2018) (following the *Tillery* analysis by dismissing plaintiff's 1102.5 claim, *without leave to amend*, against the individual defendant); *Crone v. Tracy Unified School District et al.*, No. 2:20-cv-01451-JAM-AC, 2020 WL 7182345 at *5 (E.D. Cal. Dec. 7, 2020) (same).

27.    Here, the factual allegations and theory of liability are essentially the same as those in *Bales*, *Crone*, and *Tillary*. Plaintiff's allegations of retaliation do not support a claim against the Individual Defendant.

28.    As Plaintiff has not alleged – and cannot allege – a legally viable cause of action against the Individual Defendant, she is a sham defendant, and her citizenship should be disregarded for purposes of diversity jurisdiction.

**B.    The Amount in Controversy Exceeds $75,000**

29.    Plaintiff's Complaint does not specify the amount that he seeks to recover from Defendants in this action.  Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C.  1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 574 U.S. --- (2014).

30.    The removing party does not need to prove actual facts but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, *2 (C.D. Cal. March 3, 2015) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014)).  Moreover, Defendant need

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

7

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

not submit evidence to support its notice of removal. *Dart Cherokee*, *supra*, 135 S. Ct. at 553. Defendant need only plausibly allege that the amount in controversy exceeds $75,000. *Id*. ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").

31.    In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in her complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's Complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (citing *Schere v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint)). In determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

32.    Although Siemens Healthineers denies the validity and merit of all of Plaintiff's claims and allegations and denies that Plaintiff is entitled to any relief, Plaintiff's claims establish an amount "in controversy" in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth below:

**1.    Lost Wages and Benefits**

33.    Plaintiff's Complaint includes seven separate causes of action arising out of the termination of his employment. He alleges that, as a result of Defendants' alleged actions, he has suffered "loss of wages and benefits." Ropel Decl. ¶ 2, Ex. A Compl. ¶¶ 39, 50, 62, 73, 85, 106.

34.    If Plaintiff prevails on his wrongful termination and/or her discrimination claims, he potentially could recover the amount he would have earned up through the date of trial, including any benefits or pay increases. *See* Judicial Council of California, Civil Jury Instructions ("CACI") No. 2433 (2012); *Wise v. S. Pac. Co.*, 1 Cal. 3d 600, 607 (1970).

35.    At the time Plaintiff's employment ended on or about September 6, 2019, he

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

8

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

was paid at the rate of $116,542.43 per year. Guay Decl. ¶¶ 5-6. If Plaintiff were to recover back wages from September 6, 2019 to the present, he potentially could recover back wages totaling approximately $190,502.05 ($2,241.20/wk. x 84 wks.). Moreover, if the case proceeds to trial in March 2022 – a year from when Siemens Healthineers was served – and Plaintiff remains unemployed, he may be seeking a total of about 133 weeks of lost wages, or approximately $298,079.6 ($2,241.20/wk. x 133 wks.). Wages and benefits alone account for the threshold amount for diversity jurisdiction.

### 2. Emotional Distress Damages

36. Plaintiff alleges that, as a result of Defendants' alleged unlawful conduct, he has suffered, *inter alia*, emotional distress, humiliation, mental anguish, and embarrassment. Ropel Decl. ¶ 2, Ex. A Compl. ¶¶ 41, 52, 64, 75, 87, 98, 108. Plaintiff's potential recovery of such damages further augments the foregoing amount and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are included in determining amount in controversy); *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

37. In *Kroske*, the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Kroske*, *supra*, 432 F.3d at 980. Based on the conservative estimate from *Kroske*, Plaintiff's potential recovery of emotional distress damages could add at least **$100,000** to the amount in controversy.

### 3. Punitive Damages

38. Plaintiff also seeks an award of punitive damages. *See* Ropel Decl. ¶ 2, Ex. A Compl. at ¶¶ 42, 53, 65, 76, 88, 99, 109. Under California law, punitive damages may be recovered "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression,

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

9

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

fraud, or malice." CAL. CIV. CODE § 2394(a). Punitive damages may be included in calculating the amount in controversy. *See Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). A single-digit ratio (i.e., no more than nine-to-one) is typically appropriate for an award of punitive damages. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

39. Plaintiff alleges that he suffered from mental and emotional distress. He further alleges, *inter alia*, that Siemens Healthineers discriminated against him on the basis of an alleged disability by failing "to reasonably accommodate Plaintiff" and terminating his employment in retaliation for requesting an accommodation for his alleged disability. Ropel Decl. ¶ 2, Ex. A Compl. ¶¶ 36, 37, 59, 60. Jury verdicts in California cases involving similar factual allegations demonstrate that, were Plaintiff to prove the allegations of the Complaint and prevail at trial, his punitive damages could bring the amount in controversy to well over the $75,000 threshold. For instance, in *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009), the plaintiff alleged that, after she began experiencing panic attacks during her employment, her employer refused to accommodate her condition by permitting her to be absent without notice, and ultimately terminated her employment for violating its attendance policy. The plaintiff then sued and asserted claims under the FEHA for disability discrimination and harassment, failure to accommodate, and wrongful termination. The jury returned a verdict for the plaintiff and awarded punitive damages of $15 million against the employer. The intermediate appellate court reduced the punitive damages award to $2 million, and the California Supreme Court further reduced it to $1,905,000 (equal to the compensatory damages award). In *McGee v. Tucoemas Federal Credit Union*, 153 Cal. App. 4th 1351 (2007), the plaintiff alleged that, after she had taken a leave of absence to undergo treatment for breast cancer, her employer required her to return to work after four months and told her that she would be fired if she needed more time. When she requested that she be permitted to work from home, her request was denied; upon returning to work, she was demoted to a position that involved greater physical demands. The plaintiff resigned her position due to stress. She then sued the employer, alleging claims of disability discrimination, failure to provide a reasonable accommodation, and failure to engage in the interactive process. The jury returned a verdict for the plaintiff and awarded her $1.2 million in punitive damages against the employer. The appellate court affirmed.

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

10

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

40.     Although Siemens Healthineers disputes that Plaintiff is entitled to recover any amount in punitive damages, the *Roby* and *McGee* decisions illustrate that a punitive damages award potentially could alone exceed $1 million.  And, most conservatively, the amount awarded in punitive damages in this matter could be at least **$100,000**.

### 4.     Attorney's Fees

41.     Plaintiff's Complaint also includes a claim for attorney's fees.  Ropel Decl. ¶ 2, Ex. A Compl. at 18 (Prayer for Relief).  Attorney's fees that are potentially recoverable by statute also are included in determining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

42.     The bulk of Plaintiff's Complaint alleges violations of the Fair Employment and Housing Act,  which authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. CAL. GOV. CODE §12965(b).  While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award.  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

43.     Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal.  *Id*.  "Recent estimates for the number of hours expended through trial for employment cases in [the Eastern District of California] have ranged from 100 to 300 hours.  Therefore, 100 hours is an appropriate and conservative estimate.  Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)."  *Sasso v. Noble Utah Long Beach, LLC*, Case No. CV 14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. March 3, 2015) (citations omitted).   Thus, Plaintiff's demand for attorneys' fees adds at least **$30,000** to the amount in controversy.

44.     Consequently, a preponderance of the evidence demonstrates that the amount in controversy exceeds $75,000, exclusive of interest and costs.

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

11

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

**IV.**
**NOTICE OF REMOVAL**

45.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty days of service of the Complaint on Siemens Healthineers on March 30, 2021, and within one year after commencement of this action.

46.    As required by 28 U.S.C. § 1446(d), Siemens Healthineers will promptly provide written notice of this Notice of Removal to Bohm Law Group, counsel for Plaintiff, and will also promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Sacramento.

**V.**
**CONCLUSION**

WHEREFORE, having fulfilled all statutory requirements, Siemens Healthineers removes this action from the Superior Court of Sacramento County, California, to this Court, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated:        April 28, 2021                LITTLER MENDELSON P.C.


                                           */s/ Nicholas W. McKinney*
                                           RICHARD R. GRAY
                                           DOUGLAS L. ROPEL
                                           NICHOLAS W. MCKINNEY

                                           Attorneys for Defendant
                                           SIEMENS MEDICAL SOLUTIONS
                                           USA

4823-1268-2726.1 / 069996-1040

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT